IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DAVID GODWIN FRANK,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND/OR MOTION TO VACATE AND/OR CORRECT SENTENCE**<br><br>Case No. 2:17-cv-00598-CW<br><br>Judge Clark Waddoups |

On June 13, 2017, Defendant David Godwin Frank filed a *pro se* Motion for Relief from Judgment, §17 Motion to Vacate, Set Aside, or Correct Sentence. (Dkt. No. 1.)

On May 18, 2017, Mr. Frank, also *pro se*, filed almost the exact motion in case No. 2:08cr822, entitled Motion for Relief from Judgment and/or Order. In that motion, as in this one, Mr. Frank stated that he had served his time and is off probation. (Dkt. No. 1, at 2; Dkt. No. 112, at 2.) Mr. Frank again requests that the court void the judgment in this case, arguing that the 2008 indictment was filed after the general federal criminal statute of limitations found in 18 U.S.C. § 3282, and arguing ineffective assistance of counsel. (*Id.*)

In this motion, Mr. Frank added a new paragraph on the second page which added the definition of the term "habeas corpus;" however, he provides no new facts or legal argument to the court. Otherwise, the motion is exactly the same as the motion he filed in May in case No. 2:08cr822. Thus, based upon a review of the record, this Motion, and relevant case law, the court once again DENIES Mr. Frank's Motion for the same reasons as stated in the previous Order. (Dkt. No. 1.) The court again construes his request to void the judgment as a 28 U.S.C. § 2255 motion and again concludes it lacks jurisdiction to consider the arguments therein.

1

Moreover, this court, lacks jurisdiction to hear Mr. Frank's other claims of errors because Mr. Frank is no longer a federal prisoner or in federal custody. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (holding that a court only has jurisdiction to hear a collateral challenge to a federal sentence under § 2255 where "the defendant is in custody at the time of initiating the petition"). Also, Mr. Frank's Motion is untimely under § 2255(f)'s one-year limitation on such motions because it is filed well after his conviction in 2010.

For these reasons, the court again DENIES Mr. Frank's Motion. (Dkt. No. 1.)

DATED this 11th day of August, 2017.

BY THE COURT

_____
Clark Waddoups
United States District Judge